1

2

3

4

5

6

7                                       UNITED STATES DISTRICT COURT

8                              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    JAMES T. MABBS,                                   No.  2:13-cv-0550 JAM GGH P

11                          Petitioner,

12         v.                                           ORDER

13    M.D. BITER, Warden,

14                          Respondent.

15

16            Petitioner is proceeding pro se with a petition for writ of habeas corpus.  Before the court

17    is respondent's motion to dismiss, filed August 16, 2013, and petitioner's opposition, filed

18    December 2, 2013.  The opposition was submitted and signed by petitioner's "next friend,"

19    Michael Sullivan.  Although Michael Sullivan has not specifically requested "next friend" status,

20    it appears that in the most recent request for extension of time, filed November 14, 2013, Mr.

21    Sullivan submitted a "statement of next friend," which the court construes as an implied request

22    for next friend status.  See ECF No. 23 at 3.

23            While Congress has codified next friend standing in 28 U.S.C. § 2242, the United States

24    Supreme Court has made it clear that "'next friend' standing is by no means granted

25    automatically to whomever seeks to pursue an action on behalf of another."  Whitmore v.

26    Arkansas, 495 U.S. 149, 163, 110 S. Ct. 1717, 109 L.Ed.2d 135 (1990).  In order to establish next

27    friend standing, a putative next friend must show "(1) that the petitioner is unable to litigate his

28    own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the

1  next friend has some significant relationship with, and is truly dedicated to the best interests of,

2  the petitioner." Coalition of Clergy, Lawyers and Professors v. Bush, 310 F.3d 1153, 1159–60

3  (9th Cir. 2002). The burden is on the putative next friend to clearly establish the propriety of his

4  or her status. Whitmore , 495 U.S. at 164.

5       Mr. Sullivan states that petitioner is inaccessible because he is housed at a completely

6  different prison (from inmate Sullivan), and there is urgency in the nature of a deadline to file his

7  opposition to the motion to dismiss. (ECF No. 23 at 3.)

8       Neither petitioner nor Mr. Sullivan has submitted any evidence demonstrating that

9  petitioner has any mental impairment or lack of access to the court that would require the

10  appointment of a next friend. Nor has either of them submitted evidence clearly establishing that

11  Mr. Sullivan has a significant relationship with petitioner and is sincerely dedicated to petitioner's

12  best interests. See Bush, 310 F.3d at1159–60. For that reason, Mr. Sullivan's request is denied

13  without prejudice to its renewal upon a proper showing.

14       Because the opposition was not signed by petitioner, it will not be considered. Although

15  this court, in granting the third request for extension of time, warned petitioner that no further

16  extensions would be granted, petitioner will be granted twenty-one days in which to file an

17  opposition signed by himself.

18       IT IS HEREBY ORDERED that:

19       1. Mr. Sullivan's request for next friend status, filed November 14, 2013 (ECF No. 23), is

20  denied;

21       2. The opposition filed December 2, 2013 (ECF No. 26) by purported next friend Michael

22  Sullivan, is disregarded; and

23       3. Petitioner shall file an opposition which he has personally signed, within **twenty-one**

24  **(21) days** of this order. No further extensions of time will be granted.

25  Dated: December 16, 2013

26                        /s/ Gregory G. Hollows

27                   UNITED STATES MAGISTRATE JUDGE

28  GGH:076/ mabb0550.nextfriend