UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. MABBS, | No. 2:13-cv-0550 JAM GGH |
| Petitioner, | |
| v. | ORDER |
| M.D. BITER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. By this action, petitioner challenges a judgment of conviction entered against him in the Shasta County Superior Court in 2008. This matter is now before the Court on respondent's motion to dismiss the action as barred by the applicable statute of limitations.

BACKGROUND

A jury convicted petitioner of assault with a semiautomatic firearm and found that he personally used a firearm and acted to benefit a criminal street gang. Lod. Docs. 1, 2. The trial court sentenced petitioner to 29 years in prison. Id. On April 6, 2009, petitioner filed an appeal with the California Court of Appeal, Third Appellate District.[1] On November 15, 2010, the Court

---

[1] This date is according to the California Appellate Courts Case Information System - http://appellatecases.courtinfo.ca.gov/index.html - case number C061556.

of Appeal reduced petitioner's sentence to 23 years and affirmed the judgment in all other respects. Lod. Doc. 2. Petitioner did not seek review in the California Supreme Court.

Subsequently, petitioner filed four pro se state post-conviction collateral challenges, all of which were petitions for writs of habeas corpus. On July 1, 2011[2], petitioner filed for writ of habeas corpus in the Butte County Superior Court. Lod. Doc. 4. This petition was denied on July 19, 2011. Lod. Doc. 5. On December 13, 2011, petitioner again filed for writ of habeas corpus in the Butte County Superior Court. Lod. Doc. 6. The court denied this petition on December 28, 2011. Lod. Doc. 7. On April 23, 2012[3], petitioner filed for writ of habeas corpus in the California Court of Appeal. Lod. Doc. 8. This petition was summarily denied on May 10, 2012. Lod. Doc. 9. On July 25, 2012, petitioner filed for writ of habeas corpus in the California Supreme Court. Lod. Doc. 10. The court denied this petition on January 3, 2013. Lod. Doc. 11. Petitioner filed his initial federal petition for writ of habeas corpus on March 20, 2013.[4] ECF No. 1.

DISCUSSION

Respondent moves for dismissal on the ground that the instant petition is untimely under the AEDPA. The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of

---

[2] The filing dates of petitioner's state and federal habeas petitions are given the benefit of the mailbox rule, pursuant to Houston v. Lack, 487 U.S. 266, 275–76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). Respondent applies the same rule in his motion to dismiss. See ECF No. 17, 2 n.3.

[3] As respondent points out, petitioner signed the third petition twice, on April 23, 2012 and March 18, 2012. Because petitioner could not have filed his petition prior to signing it on April 23, 2012, the mailbox rule shall be applied to the signature dated April 23, 2012. Petitioner does not contest the application of the later date.

[4] As respondent points out, the signature block of this petition contains the date of March 15, 2013. However, the petition was not signed. Because this petition does not contain a dated signature or a proof of service, the mailbox rule cannot be applied.

2

> a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under 28 U.S.C. § 2244(d)(2):

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Following the November 15, 2010, modification of sentence and affirmance of judgment by the state appellate court, petitioner failed to file a petition for review in the California State Supreme Court. Thus, petitioner's conviction became final on December 25, 2010, 40 days after the state appellate court denied his petition. As respondent observes, the AEDPA statute began to run the following day, on December 26, 2010. Patterson v. Stuart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, absent any applicable tolling or an extended initiation of the limitations period, petitioner had until December 25, 2011 to file a timely federal habeas petition.

In his opposition, petitioner argues that he is entitled to statutory and equitable tolling. ECF No. 28, 6-8. Petitioner also asserts that the AEDPA statute of limitations is not an absolute bar and that recall of the remittitur is a proper remedy. Id. at 17-18, 27-29. Nonetheless, respondent failed to reply to petitioner's opposition.

I. Statutory Tolling

Petitioner argues that he is entitled to statutory tolling for the period between the filing of his first state petition for writ of habeas corpus on July 1, 2011, through the denial of his last

petition by the California Supreme Court on January 3, 2013, per 28 U.S.C. § 2244(d)(2).  ECF No. 28 4-6.  Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling").  See Evans v. Chavis, 546 U.S. 189, 193–94, 126 S. Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408, 413–14, 125 S. Ct. 1807 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."  Id. at 417.  "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414.  Under such circumstances, the petitioner is not entitled to statutory tolling.  Id. at 417.

Respondent concedes that petitioner's first and second state post-conviction collateral challenges were properly filed and that petitioner is entitled to 19 days and 16 days tolling, respectively, for the pendency of those petitions.  ECF No. 17, 4-5.  Respondent then concludes that, applying the 35 days tolling, the limitation period expired on January 29, 2012, prior to the filing of petitioner's remaining state and federal petitions.  Id. at 5.  Because respondent concluded that petitioner's third and fourth petitions were filed after the expiration of the limitations period, he argues that they do not serve to extend the statute of limitations period.  Id. at 5-6.  There being no evidence to the contrary, petitioner's third and fourth petitions should be considered properly filed; however, the issue here pertains to whether gap tolling is appropriate.

As it pertains to "interval" or "gap" tolling, respondent failed to directly argue whether or not petitioner is entitled to statutory tolling for the interval period between the denial of his first state petition and the filing of his second petition.  However, because respondent did not include the 146 days tolling for this period in reaching his conclusion that the limitation period expired on

4

1  January 29, 2012, it can be inferred that respondent deemed this interval to be of unreasonable
2  duration.
3  Respondent is correct in asserting that petitioner is not entitled to statutory tolling for the
4  unreasonable delays during the intervals between the lower courts' decisions and the filing of his
5  subsequent petitions to the appropriate higher courts.  See Evans v. Chavis, 546 U.S. 189, 201,
6  129 S. Ct. 846 (2006); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir.2010) (115 day delay
7  between habeas filings not entitled to gap tolling); see also Gaston v. Palmer, 447 F.3d 1165,
8  1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir.2005) (petitioner not entitled to "gap"
9  tolling for intervals between California state habeas filings of 15 months, 18 months, and 10
10 months, given length of delays, lack of clear statement from California legislature or courts that
11 delays of such length were reasonable, and lack of explanation or justification for delays)); Culver
12 v. Director of Corrections, 450 F.Supp.2d 1135, 1140–41 (C.D. Cal. 2006) (unexplained,
13 unjustified delays of 97 and 71 days between the denial of one state petition and the filing of the
14 next petition constituted unreasonable delays such that the intervals cannot be tolled under
15 Chavis).[5]
16 Furthermore, petitioner's first two state habeas petitions were filed in the same court.
17 Interval tolling applies to the period "between a lower court decision and a filing of a new petition
18 in a higher court."  Stancle v. Clay, 692 F.3d 948, 953 (9th Cir, 2012) (quoting Biggs v. Duncan,
19 339 F.3d 1045, 1048 (9th Cir. 2003)) (emphasis in original).  The Ninth Circuit employs "a
20 general two-part test to determine whether the period between petitions filed in the same court are
21 tolled."  Id.

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition.  If not, these petitions constitute a "new round" and the gap between the rounds is not tolled.  But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making proper use of state court procedures, and his application is still "pending" for tolling purposes. . . .  We then ask whether they were ultimately denied on the merits or deemed

---

[5] The undersigned reserves any justification analysis based on equitable principles to the section on equitable tolling.  There is no sense in doing that equitable analysis twice—once in the statutory tolling context, and again for the equitable tolling analysis.

5

>untimely.  In the former event, the time gap between the petitions is tolled; in the latter event it is not.

Id. (quoting King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  "The court applies the test outlined in King (the "King test") even if the first petition was denied based on deficiencies and with allowance by the court to amend in order to comply."  Id. at 953-54 (citing King, 340 F.3d at 823).

      Here, petitioner's first state petition was denied because it contained "vague, unsupported, and conclusory allegations" and for failure "to state with particularity the facts upon which relief should be granted and/or . . . to include copies of reasonably available documentary evidence supporting the claim."  Lod. Doc. 5.  Thus, the King test should be applied to determine whether the period between the denial of petitioner's first state habeas petition and the filing of his second in the same court qualifies for interval tolling.  See King, 340 F.3d at 823 (the court applied the test to a second petition after the first was denied based on the lack of sufficiently particular allegations of the facts).  Petitioner's second petition included numerous claims that were not presented in his first petition and was certainly more than an "elaboration of the facts" in his first petition.  Lod. Docs. 4, 6.  Therefore, petitioner's argument for interval tolling for the period between the denial of his first petition and the filing of his second must fail not only because the of the unreasonable delay, but also because the second petition was not filed in a higher court and it constitutes a new round.

      To sum up petitioner's situation at the time his second Superior Court petition was denied:

1. The statute commenced to run December 26, 2010;
2. By the time the first state habeas petition was filed (July 1, 2001), petitioner had used up 187 days of his 365 (one year) AEDPA limitations period;
3. From the time the first Superior Court petition was denied (July 19, 2011) to the filing of the second Superior Court petition (and for which petitioner is *not* entitled to gap tolling), petitioner utilized 146 more days of the AEDPA limitations period for a total thus far of 333 days, i.e., petitioner had only 32 more days of the limitations period available.

6

If one even gives petitioner the benefit of much doubt with respect to gap tolling for the entire time from the denial of the second Superior Court petition through the time the California Supreme Court denied the last state habeas petition (January 12, 2013)[6], petitioner had only 32 days left in which to file his federal petition, i.e., until February 13, 2013. He did not file the federal petition until March 20, 2013 over one month past the expiration of the limitations period. The limitations period expired prior to the time the federal petition was filed, plain and simple.

II. Equitable Tolling

In his opposition, petitioner sets forth several arguments in which he asserts that he is entitled to equitable tolling. The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); see also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). Indeed, because 28 U.S.C. § 2244(d) is not jurisdictional, it is "subject to a 'rebuttable presumption' in favor of 'equitable tolling.'" Holland, 130 S. Ct. at 2560, quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990); see also Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011) (en banc). A petitioner seeking equitable tolling bears the burden of showing (1) that he diligently pursued his rights and (2) that an extraordinary circumstance prevented a timely filing. Holland, 130 S. Ct. at 2562; Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 130 S. Ct. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). This is a very high threshold, "lest the exceptions swallow the rule." See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may

---

[6] Petitioner had a delay of 115 days from the denial of the second Superior Court petition until the filing of the California Court of Appeal petition.

7

1  be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty,
2  187 F.3d 1104, 1107 (9th Cir. 1999).  Whether a prisoner is entitled to equitable tolling under
3  AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by
4  "decisions made in other similar cases." Holland, 130 S. Ct. at 2563; see also Spitsyn, 345 F.3d
5  at 799; Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam).

6       In arguing that he is entitled to equitable tolling, petitioner alleges that the "[S]tate
7  imposed impediments that made it impossible for him to . . . file his petitions to the next highest
8  court any sooner." ECF No. 28, 6.  In regards to these state imposed impediments, petitioner
9  specifically claims that: (1) he was denied access to his legal files from October 14, 2010 through
10 May 11, 2011, while he was sent to a county jail for child custody proceedings; (2) during
11 unspecified times he was denied access to the law library, which itself was inadequate; (3) during
12 unspecified times there were several total lock-downs resulted in no movement and no library
13 access whatsoever; and, (4) the prisoner that was assisting him with his petitions was separated
14 from him causing unpreventable delays between February 2013 and the date of his initial federal
15 filing, March, 20, 2013. Id. at 6-8.  Petitioner also claims that he is entitled to equitable tolling
16 because (5) he received ineffective assistance of counsel. Id. at 9.  As previously mentioned,
17 respondent failed to reply to petitioner's opposition.

18       Of primary concern are petitioner's first, second, and third claims.  Petitioner first asserts
19 that he should receive equitable tolling from the date the AEDPA statute of limitations began to
20 run, December 26, 2010, through May 11, 2011, when he returned to prison from county jail,
21 because he did not have access to his legal materials during that time. ECF No. 28, 6-8.
22 Petitioner also asserts that the Ninth Circuit has held that "a complete lack of access to a legal file
23 may constitute an extraordinary circumstance, and that it is 'unrealistic to expect a habeas
24 petitioner to prepare and file a meaningful petition on his own within the limitations period
25 without access to his legal file.'" Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (quoting
26 Espinoza-Matthews v. California, 432 F.3d 1021, 1027–28 (9th Cir. 2005) (internal alteration and
27 quotations omitted)).  Nevertheless, a petitioner seeking equitable tolling on this basis "bears the
28 burden of showing his own diligence and that the hardship caused by lack of access to his

8

1  materials was an extraordinary circumstance that caused him to file his petition . . . late."

2  Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009).

3        Petitioner was allegedly taken from prison to a county jail on October 14, 2010 to appear

4  in court for a child custody proceeding. Id. at 6. Petitioner asserts that while he was away the

5  prison boxed up all of his property and legal materials until he returned from jail. Id. Petitioner

6  claims that he diligently sought to gain access to his legal papers by writing to the prison, but was

7  unable to do so. Id.at 7. Petitioner also states that he was unaware of the factual and legal basis

8  of his claims prior to returning to prison where he could review his legal materials, consult

9  relevant legal texts, and discuss his circumstances with other prisoners that may have a degree of

10 legal knowledge. ECF No. 28, 7. For those reasons, petitioner contends that he was first able to

11 raise his constitutional claims and demonstrate that he is entitled to relief on July 1, 2011, 50 days

12 after he returned to prison. Id. However, petitioner provides no evidence or affidavit

13 substantiating his claim.

14       Assuming that petitioner is entitled to equitable tolling until May 11, 2011, that date

15 would serve as the beginning of the statute of limitations period. That being so, the limitations

16 period would not expire until May 10, 2012 plus time for statutory tolling and perhaps further

17 equitable tolling.

18       Petitioner makes other claims of equitable tolling that warrant further consideration. In

19 particular, he asserts that he is entitled to equitable tolling because during unspecified times, some

20 of which were due to total lock-downs during which prisoners allegedly had no movement, he

21 was denied library access. ECF No. 28, 6-8. Although the Ninth Circuit has generally concluded

22 that "[o]rdinary prison limitations on [a prisoner]'s access to the law library and copier . . . [are]

23 neither 'extraordinary' nor made it 'impossible' for [the prisoner] to file his petition in a timely

24 manner," Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir.2009) (internal citations omitted),

25 "determinations of . . . whether there are grounds for equitable tolling are highly fact-dependent."

26 Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000).

27       It may be that a combination of statutory tolling, for which petitioner gets some, and

28 equitable tolling, would give petitioner sufficient time periods of tolling to withstand the one year

limitations period. The undersigned will not make that guess here. At the present time, the factual record is inadequate for such an analysis. This is due in large part to respondent's failure to reply to petitioner's claims, but also because of petitioner's lack of specificity regarding the dates of and limitations induced by the alleged lockdowns. Given the procedural nature of petitioner's filings, his claims for equitable tolling, the fact intensive nature of the equitable tolling analysis, and respondent's failure to reply to petitioner's claims, this Court finds that the record must be further developed by the parties.

CONCLUSION

It is hereby ORDERED that:

1. Within twenty-one (21) days after the date of service of this order, petitioner shall file a response to this order (1) substantiating his claim that he was in county jail from October 14, 2010 through May 11, 2011 without access to his legal materials, and (2) providing greater detail regarding the dates of the alleged lock-downs and the alleged restrictions enforced by the prison during those lock-downs.

2. Within seven (7) days after the date of service of petitioner's response, respondent shall file a reply, responding to all arguments set forth in petitioner's opposition (ECF No. 28) and his response to this order.

Dated: February 18, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:33/mabb0550.mtd.hc.ord.briefing