UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. MABBS, | No. 2:13-cv-00550-JAM-GGH |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CONNIE GIPSON[1], | |
| Respondent. | |

Introduction and Background

By Order, filed on February 19, 2014, the undersigned, in adjudicating respondent's August 16, 2013, motion to dismiss the petition on grounds of untimeliness, stated that further briefing would be required to determine whether petitioner has presented any basis for equitable tolling. (ECF No. 29.) In particular, petitioner was ordered to substantiate his claim that he was in county jail from October 14, 2010 through May 11, 2011 without access to his legal materials and to provide greater detail regarding the dates of the alleged prison lockdowns along with the restrictions enforced by the prison during those lockdowns. (Id. at 10.) Respondent was ordered to file a reply responding to all arguments set forth in petitioner's opposition (ECF No. 28) and

---

[1] Respondent's counsel requested that Connie Gipson, Warden of California State Prison, Corcoran be substituted as Respondent in this action under Fed. R. Civ. P. 25(d) as petitioner is now confined in Corcoran. (ECF No. 35, at 1 n.1.)  The request is hereby granted.

1   response to the February 19, 2014 order (ECF No. 32).  (Id.)

2       As previously described, the background of this action is as follows:

> A jury convicted petitioner of assault with a semiautomatic firearm and found that he personally used a firearm and acted to benefit a criminal street gang.  Lod. Docs. 1, 2.  The trial court sentenced petitioner to 29 years in prison.  Id.  On April 6, 2009, petitioner filed an appeal with the California Court of Appeal, Third Appellate District.  On November 15, 2010, the Court of Appeal reduced petitioner's sentence to 23 years and affirmed the judgment in all other respects.  Lod. Doc. 2.  Petitioner did not seek review in the California Supreme Court.
>
> Subsequently, petitioner filed four pro se state post-conviction collateral challenges, all of which were petitions for writs of habeas corpus.  On July 1, 2011, petitioner filed for writ of habeas corpus in the Butte County Superior Court.  Lod. Doc. 4.  This petition was denied on July 19, 2011.  Lod. Doc. 5.  On December 13, 2011, petitioner again filed for writ of habeas corpus in the Butte County Superior Court.  Lod. Doc. 6.  The court denied this petition on December 28, 2011.  Lod. Doc. 7.  On April 23, 2012, petitioner filed for writ of habeas corpus in the California Court of Appeal. Lod. Doc. 8.  This petition was summarily denied on May 10, 2012. Lod. Doc. 9.  On July 25, 2012, petitioner filed for writ of habeas corpus in the California Supreme Court.  Lod. Doc. 10.  The court denied this petition on January 3, 2013.  Lod. Doc. 11.  Petitioner filed his initial federal petition for writ of habeas corpus on March 20, 2013.  ECF No. 1.

(ECF No. 29, at 1-2.)  This court determined that petitioner's conviction became final on December 25, 2010.  (Id. at 3.)  As such, absent any applicable tolling or an extended initiation of the limitations period, petitioner had until December 25, 2011 to file a timely federal habeas petition.  (Id.)

    In his opposition, petitioner asserted that he was entitled to statutory and equitable tolling. This court declined to consider the merits of petitioner's tolling arguments absent further developing of the record by the parties.  (ECF No. 29, at 9-10.)  With his supplemental brief, petitioner enclosed minute orders showing that he was housed in Butte County Jail from November 5, 2010 to January 20, 2011.  (ECF No. 32, at 3-7.)  Petitioner also enclosed several inmate requests ("CDCR 22"), wherein he sought access to his legal materials, and responses to the CDCR 22's.  (Id. at 8-12.)  In his brief, petitioner explained that he could not obtain specific information regarding lockdown dates and restrictions.  (Id., at 1.)

///

Respondent filed a reply responding to all of petitioner's arguments.  The undersigned considers the factual record as developed as it will become and thus addresses the merits of petitioner's arguments for tolling.  The undersigned concludes that petitioner is not entitled to equitable tolling because petitioner has failed to meet his burden of showing that he was reasonably diligent in pursuing his remedies and that extraordinary circumstances made it impossible for him to file a timely federal petition.  Because the petition is untimely, the undersigned does not address petitioner's arguments regarding the California Court of Appeal's jurisdiction to modify his sentence and his request that this court recall the remittitur issued by the California Court of Appeal.  Accordingly, defendant's motion to dismiss the petition as untimely (ECF No. 17) should be GRANTED and the petition dismissed with prejudice.

Discussion

As this court previously stated, "absent any applicable tolling or an extended initiation of the limitations period, petitioner had until December 25, 2011 to file a timely federal habeas petition." (ECF No. 29 at 3.)  The court previously discussed the issue of statutory tolling, concluding that petitioner's federal petition was untimely:

> To sum up petitioner's situation at the time his second petition was denied:
>
> 1. The statute commenced to run December 26, 2010;
>
> 2. By the time the first state habeas petition was filed (July 1, 2011), petitioner had used up 187 days of his 365 (one year) AEDPA limitations period;
>
> 3. From the time the first Superior Court petition was denied to the filing of the second Superior Court petitioner (and for which petitioner is *not* entitled to gap tolling), petitioner utilized 146 more days of the AEDPA limitations period for a total thus far of 333, days, *i.e.*, petitioner had only 32 more days of the limitations period available;
>
> If one even gives petitioner the benefit of much doubt with respect to gap tolling for the entire time from the denial of the second Superior Court petition through the time the California Supreme Court denied the last state habeas petitioner (January 12, 2013), petitioner had only 32 days left in which to file his federal petition, *i.e.*, until February 13, 2013.  He did not file the federal petition until March 20, 2013 over one month past the expiration of the limitations period.  The limitations period expired prior to the time the federal petition was filed, plain and simple.

3

(ECF No. 29, at 6-7.) Accordingly, the timeliness of petitioner's federal petition depends upon whether or not he is entitled to equitable tolling.

Equitable Tolling

A habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). To be entitled to equitable tolling, petitioner must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 653, 130 S. Ct. at 2565; Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). This is a very high threshold, "lest the exceptions swallow the rule." See Miranda, 292 F.3d at 1066 (9th Cir. 2002). In addition, "'[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v.Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner has failed to demonstrate that he was diligent in pursuing his federal habeas remedies. As explained above, petitioner's first state petition was filed on July 1, 2011, nearly five months after the statute of limitations had begun to run. (Resp't's Lod. Doc. 4.) He filed his second state petition in the same court as the first petition and 147 days after his first petition was denied. (Resp't's Lod. Docs. 5, 6.) 117 days passed between the denial of his second petition and his third habeas petition filed with the court of appeal. (Resp't's Lod. Docs. 7, 8.) After the denial of his third habeas petition, he waited 76 days to file his fourth habeas petition with the California Supreme Court. (Resp't's Lod. Docs. 9, 10.) He then waited another 76 days after the California Supreme Court denied his fourth state petition before filing his federal petition.

(Resp't's Lod. Doc. 11; ECF No. 1.)  The gaps between petitioner's habeas petitions total 416 days—over one year.  Despite all of his assertions of extraordinary circumstances, petitioner failed to explain the delays between his habeas petitions.  As such, petitioner has not met his burden of showing that he has been pursuing his rights diligently.

Furthermore, petitioner has failed to present a viable excuse that would warrant equitable relief.  Petitioner asserts that the following circumstances prevented him from filing his federal habeas petition in a timely manner: (1) he was separated from his legal paperwork from October 14, 2010 to May 11, 2011; (2) during unspecified times was denied access to the law library; (3) during unspecified times there were several total lockdowns resulting in no movement and no library access whatsoever; (4) the prisoner that was assisting him with his petitions was separated from him causing him unpreventable delays between February 2013 and the date of his initial federal filing, March 20, 2013; and (5) he received ineffective assistance of counsel.  (ECF No. 28, at 6-8, 20.)

As discussed above, the court ordered petitioner to substantiate his claim that he was in county jail from October 14, 2010 through May 11, 2011 without access to his legal materials.  (ECF No. 29, at 10.)  According to the documents submitted by petitioner, his first documented CDCR 22 was on March 20, 2011.  (ECF No. 32, at 8.)  That request indicated that petitioner had submitted a prior CDCR 22 on January 14, 2011[2] and that he had returned to High Desert State Prison on January 27, 2011.  Id.  Petitioner asserts that he received his property on May 11, 2011 and suggests that the AEDPA statute of limitations began to run on that date.  Even if that were the case and the undersigned accepted as true petitioner's assertions regarding receipt of his property in combination with the documents he submitted, petitioner's federal petition would still be untimely with a delayed commencement date.  There were 679 days between May 11, 2011 and March 20, 2013.  Petitioner would, at best, be entitled to 35 days of statutory tolling during that period before the limitations period would have expired.[3]  Thus, even with a delayed

---

[2] Petitioner did not submit the January 14, 2011 CDCR 22 form in his response to the Court's order.

[3] Petitioner would be entitled to 18 days for his first habeas petition filed Butte County Superior Court (July 1, 2011 to July 19, 2011) and 17 days for his third habeas petition filed in

1  commencement date of May 11, 2011, petitioner would still be untimely.

2  The court also ordered petitioner to provide greater detail regarding the dates of the
alleged prison lockdowns which denied him library access. (ECF No. 29, at 10.) While limited
law library access caused by protracted lockdowns may be grounds for equitable tolling,
petitioner must demonstrate that limited law library access actually hindered his ability to file a
timely federal petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner
submitted no documentation regarding the dates of the alleged lockdowns and the restrictions
placed on prisoners during those lockdowns. As such, petitioner failed to substantiate these
claims.

Petitioner also contends that the library at Kern Valley State Prison was inadequate. The
Ninth Circuit determined that a deficient prison law library may justify equitable tolling.
Whalem/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc) (finding that a prison law
library's not having AEDPA legal materials until 1998 and thus, until then, not affording
petitioner awareness of the one-year statute of limitations for filing a petition could entitle him to
equitable tolling). However, petitioner failed to substantiate this claim. He submitted no
documentation identifying the materials he needed to complete his federal petition and which the
library did not have. As such, petitioner is not entitled to equitable tolling on the ground that the
law library was inadequate.

Petitioner's contention that he was separated from his inmate legal assistant is not grounds
for equitable tolling. The unavailability of an inmate legal assistant to help prepare a habeas
petition does not entitle a tardy petitioner to equitable tolling. See Hughes v. Idaho State Bd. Of
Corrections, 800 F.2d 905, 909 (9th Cir. 1986). In addition, petitioner failed to explain how this

---

the Court of Appeal (April 23, 2012 to May 10, 2012). Even with a delayed commencement date, petitioner's fourth habeas petition would have been filed after the AEDPA limitations period had expired and thus would not entitle petitioner to any tolling for his fourth petition. Also, petitioner is not entitled to any tolling for the period between the denial of his first habeas petition on July 19, 2011 and the filing of his third habeas petition on April 23, 2012. As previously explained, petitioner's second habeas petition failed the test set out in King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003), which determines whether the period between petitions filed in the same court is tolled. (ECF No. 29, at 6.)

separation prevented him from timely filing his federal petition. Also, the time frame in which petitioner asserts that he was separated from his inmate legal assistant renders this theory futile. As noted above and even giving petitioner the benefit of a delayed commencement date of May 11, 2011, the AEDPA limitations period expired well before February 2013. As such, even if petitioner had access to his inmate legal assistant in February 2013, he still would have been time-barred.

Petitioner also contends that he is entitled to equitable tolling because his appellate attorney failed to raise all meritorious arguments in his direct appeal and failed to file a petition for review in the California Supreme Court. Ordinary attorney negligence is not sufficient to justify equitable tolling. Spitsyn, 345 F.3d at 800. The attorney's misconduct must be sufficiently egregious to warrant equitable tolling. Id. (attorney hired for purpose of filing habeas petition wholly failed to prepare and file a petition). In this instance, the attorney of whom petitioner complains was not hired for purposes of filing petitioner's habeas petitions—he was appellate counsel. In addition, petitioner fails to identify and explain how appellate counsel's strategic decisions rise to the level of egregious conduct. Petitioner also does not demonstrate how appellate counsel's conduct prevented petitioner from filing a timely petition. As respondent notes, all of the alleged misconduct by appellate counsel occurred prior to the expiration of the statute of limitations. As such, petitioner is not entitled to equitable tolling on the basis of ineffective assistance of counsel.

Petitioner has failed to carry his heavy burden of establishing that an extraordinary circumstance prevented a timely filing and that he diligently pursued his rights. Despite being given an opportunity to substantiate his claim for equitable tolling, petitioner did not provide further information regarding the dates of the alleged lockdowns and restrictions placed on the inmates during that time. Petitioner has not identified any testimony or other evidence he would produce in support of his equitable tolling contentions, if given an evidentiary hearing. As such, an evidentiary hearing is not necessary to flesh out parties' contentions. See Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010). Petitioner is not entitled to equitable tolling of the § 2244(d)(1) one-year statute of limitations.

<u>Actual Innocence</u>

Petitioner contends that he is actually innocent of the crimes of which he has been convicted and thus the Court should proceed to the merits of his claims notwithstanding the tardiness of his petition. "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the <u>Schlup</u> gateway and have his otherwise time-barred claims heard on the merits." <u>Lee v. Lampert</u>, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). In order to obtain equitable tolling on this ground, however, petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." <u>Id.</u> at 937. "Actual innocence means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998). The actual innocence exception applies to a "narrow class of cases implicating a fundamental miscarriage of justice." <u>Lampert</u>, 653 F.3d at 938.

The habeas petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324. Such evidence need not be newly discovered, but only newly presented. <u>Griffin v. Johnson</u>, 350 F.3d 956, 961-963 (9th Cir. 2003). The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S. Ct. 2064 (2006) (internal quotation marks omitted); see also <u>Carriger v. Stewart</u>, 132 F.3d 463, 477–78 (9th Cir. 1997). In considering this evidence, the court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and "may consider how the timing of the submission and the likely credibility of the affiants bears on the probable reliability of that evidence." <u>Schlup</u>, 513 U.S. at 332. Then the habeas court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" <u>House</u>, 547 U.S. at 538, quoting <u>Schlup</u>, 513 U.S. at 329.

/////

/////

Petitioner asserts that the state authorities falsified a DNA report and test results and that the prosecutor intentionally presented perjured testimony. He further contends that there was no evidence that he fired a gun or was the shooter because there was no eye witness identification. These are mere allegations provided in a legal brief as opposed to statements made under oath and supported by reliable evidence. Petitioner failed to offer any evidence in support of his actual innocence claim. As such, the undersigned does not find that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. It is clear that this case does not fall into the narrow class of cases implicating a fundamental miscarriage of justice. And again, an evidentiary hearing is not necessary as the proof submitted thus far would indicate that such a hearing would be futile. See Lampert, 653 F.3d at 936–937 (exacting standard for actual innocence evidentiary hearings). Therefore, the actual innocence exception of the AEDPA one-year statute of limitations does not apply here.

Conclusion

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)). The court finds that a certificate of appealability should not issue in this case for the reasons stated herein.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition as untimely, filed on August 16, 2013 (ECF No. 17), be granted;

2. This action be dismissed with prejudice; and

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2014

<u>/s/ Gregory G. Hollows</u>

UNITED STATES MAGISTRATE JUDGE

GGH:016/mabb550.mtd.hc