1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES T. MABBS,                              No.  2:13-cv-550 JAM GGH P

12                   Petitioner,

13          v.                                    ORDER

14   CONNIE GIPSON,

15                   Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate

19   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On August 18, 2014, the magistrate judge filed findings and recommendations herein

21   which were served on all parties and which contained notice to all parties that any objections to

22   the findings and recommendations were to be filed within fourteen days.  Petitioner has filed

23   objections to the findings and recommendations.

24          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25   court has conducted a de novo review of this case.  The magistrate judge recommends that the

26   court grant respondent's to dismiss this action as time-barred.  For the reasons explained below,

27   the court will require respondent to provide additional evidence relevant to the disposition of her

28   motion.

1

1       The question of the timeliness of the instant petition comes before the court on

2   respondent's August 16, 2013 motion to dismiss (ECF No. 17).  In an order filed February 19,

3   2014 (ECF No. 29), the magistrate judge analyzed whether petitioner is entitled to statutory

4   tolling of the one-year limitation period and required the parties to file further briefing on the

5   question of petitioner's entitlement to equitable tolling.  The findings and recommendations

6   before the court incorporate the conclusions of the February 19, 2014 order and analyze the

7   question of whether petitioner is entitled to equitable tolling.  The magistrate judge concludes

8   <u>inter</u> <u>alia</u>, that even if the court accepts as true petitioner's assertion that he was separated from

9   his legal property from the time the limitation period started to run until May 11, 2011, the

10  petition is still untimely.  <u>See</u> Findings and Recommendations (ECF No. 41) at 5.

11      Accepting, as warranted by the record before the court, that commencement of the one-

12  year period of limitations was equitably tolled until May 11, 2011, when petitioner regained

13  access to his legal materials following his return to High Desert State Prison, the facts relevant to

14  the statute of limitations analysis are as follows:

15            1.  On July 1, 2011, petitioner filed his first state habeas petition in
            the Butte County Superior Court.  (Lod. Doc. 4)  The petition was
16            denied by order filed July 19, 2011.  (Lod. Doc. 5)

17            2.  On December 13, 2011, petitioner filed a second state habeas
            petition in the Butte County Superior Court.  (Lod. Doc. 6)  The
18            petition was denied by order filed December 28, 2011.  (Lod. Doc.
            7)
19

20            3.  On April 23, 2012, petitioner filed a petition for writ of habeas
            corpus in the California Court of Appeal for the Third Appellate
21            District.  (Lod. Doc. 8)  The petition was denied by order filed May
            10, 2012.  (Lod. Doc. 9)

22            4.  On July 25, 2012, petitioner filed a petition for writ of habeas
            corpus in the California Supreme Court.  (Lod. Doc. 10)  The
23            petition was denied by order filed January 3, 2013.  (Lod. Doc. 11)

24            5.  The instant action was filed on or about March 20, 2013.

25      Fifty-one days of the one-year limitation period expired between May 11, 2011 and July

26  1, 2011, when petitioner filed his first state habeas petition.  The limitation period was tolled for

27  eighteen days during the pendency of that petition.  For the reasons explained by the magistrate

28  judge in his February 19, 2014 order, petitioner is not entitled to tolling for the interval between

2

July 19, 2011 and December 13, 2011, when petitioner filed a new petition in the state superior court.  See ECF No. 29 at 4-6.  The limitation period therefore ran for an addition period of 146 days between petitioner's first and second superior court petitions.  The limitation period was tolled for fifteen days during the pendency of petitioner's second superior court petition, for seventeen days during the pendency of petitioner's state court of appeal petition and for 162 days during the pendency of petitioner's state supreme court petition.  See 28 U.S.C. § 2244(d)(2).

In his February 19, 2014 order, the magistrate judge gave petitioner the benefit of the doubt with respect to interval tolling from the time petitioner filed his second superior court petition until the California Supreme Court denied the petition, but found that the instant federal petition was nonetheless untimely because it was filed over one month past the expiration of the limitation period.  Order filed February 19, 2014 (ECF No. 29) at 7.  Subsequently, the magistrate judge found that petitioner was not entitled to equitable tolling of the limitation period because, inter alia, petitioner had "failed to explain the delays between his habeas petitions."  Findings and Recommendations, filed August 18, 2014 (ECF No. 41) at 5.

The delay at issue is the delay between the denial of petitioner's second superior court petition and his petition to the state court of appeal, a delay of 117 days, and the delay between the denial of his state court of appeal petition and his petition to the California Supreme Court, a delay of 76 days.  Whether petitioner is entitled to interval tolling for these two periods turns on whether the delay was "reasonable," which turns on whether there is an explanation for the delay that is "adequate under California law."  Noble v. Adams, 676 F.3d 1180, 1184 (9th Cir. 2012).[1] Here petitioner contends that during the relevant intervals the prison where he was housed, Kern Valley State Prison (Kern Valley), had "several total lockdowns due [to] stabbing and gang violence on the exercise yard and for several months at a time, there was no movement, no law library access whatsoever" and so he had no legal supplies or access to copies.  Opp. filed January

---

[1] The United States Court of Appeals has held that unexplained delays of similar length do not support interval tolling.  See Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (unexplained delays of 91 days and 81 days between levels of state habeas corpus review did not toll statute of limitations); see also  Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (same for delays of  115 days and 100 days).

8, 2014 (ECF No. 28) at 6-7.  In his objections to the findings and recommendations petitioner argues that he is no longer housed at Kern Valley and that it is "impossible" for him to present documentary proof of prison lockdowns and restrictions on law library access during the relevant time period without court orders.

Whether or not petitioner is entitled to interval tolling for these two periods is dispositive of the instant motion.[2]  In order to assess whether petitioner's explanation is reasonable and adequate under California law, the court will require respondent to provide evidence of whether there were lockdowns at Kern Valley during the relevant time periods and, if there were, the effect, if any, of those lockdowns on inmates' access to legal mail and to the prison law library.

Accordingly, IT IS HEREBY ORDERED that within twenty days from the date of this order respondent shall file evidence of whether there were lockdowns at Kern Valley State Prison between December 28, 2011 and April 23, 2012 and/or between May 10, 2012 and July 25, 2012. If there were lockdowns during relevant time periods, respondents shall include evidence of the duration of the lockdown(s) and the nature of the restriction(s) on inmate access to legal mail (both sending and receiving), the prison law library, and other related restrictions, if any.

DATED:  November 20, 2014

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE

---

[2] If petitioner is entitled to interval tolling, then the instant petition is timely.  Approximately 197 days of the limitation period ran before petitioner filed his second state habeas corpus petition, leaving petitioner with 168 days to file his federal petition *if* he is entitled to interval tolling of the limitation period.  Only 76 days passed between the decision of the California Supreme Court and the filing of the instant petition, and petitioner has presented evidence that suggests he was without access to his legal material during some of that time.  See Opp. (ECF No. 28) at 41.